Ayery, J.
This is not a proceeding in form, under the statute authorizing partition, but a bill in chancery for partition ; and it is clearly a proper case for the exercise of -chancery jurisdiction.
The first question to bo examined is, to which of these parties, complainants or defendants, belongs the title to the *land. It was devised by William Brown to John Brown and Sally, his wife; and it is the settled law in Ohio, that in such a case, on the death of the wife, her legal heirs become tenants in common with the surviving husband. Sergeant v. Steenberger, 2 Ohio, 305. Who, then, as heirs, take the estate of Sally Brown? The complainants assert that it descended to her sisters; and the defendants, that at her death it vested in her husband. The law of descents must determine this question. And this is found in the *28 act regulating descents and the distribution of personal estate, and an amendment in Swan’s Statutes, pages 288 and 287. That law, as applied to the case, secures the land to the defendants, if William Brown was an ancestor of Sally Brown ; because it comes by devise from said William to Sally Brown, then passes to John, his brother, as the first person capable of inheriting under the provisions of the statute, and afterward to these defendants, who aro the owners of John’s interest. If William Brown was not an ancestor of Sally Brown, then the complainants have the title; for, if it came not by such devise, it passed under the same law to her sisters, she having no children, and one of these sisters and the grantee of the other two are complainants. We understand the “act regulating descents and the distribution of personal estates ” as embracing tho whole subject, and intended to provide for all possible cases. The act declares in tho first section, how lands shall pass, when any person shall d'ie intestate, having title by descent, devise, or gift, from any ancestor; and then, in the second section, what direction shall be given to the estate, in case it come not by deseept, devise, or gift. We think that the design of the act is clear, and that it will admit of but one construction, and that brings the case under tho second section.
This subject was fully considered in the case of Brewster v. Benedict et al., 14 Ohio, 368; and in the same case also was determined the meaning of the term ancestor. We now follow and reaffirm the principles of that decision, determining that William Brown was not the ancestor of *Sally Brown, and that her sisters, though they were not related to the devisor, take the estate. The complainants are therefore entitled to a partition. As, however, John Brown owned the undivided half of the whole tract, and devised the south half to the defendant Jane, and the other half to the executors to be sold, the partition will be made with a reference to the distinct interests of the defendants.
We do not consider in this bill, seeking a partition, the prayer for an account of the rents and profits. If the complainants suppose they have a right to recover them, the remedy must be sought in separate proceedings. Here is a case where the proprietor of an estate, under the promptings of a natural affection, at his death devises that estate to his brother, and to Sally Brown, a stranger to his blood, because she is the wife of that brother. Her husband would have taken the whole, without doubt, either by devise or by *29 doscent, if Sally Brown bad died before the testator; and it will be difficult to prove, in the actual circumstances of those brothers, that ho would not have had a just claim to it. After the death of his wife he continues to reside upon it for years, regards it as his own, and so, doubtless, under the law, did these heirs of Sally Brown ; and finally he disposes of it by will, among the relations of his blood. In such a case the claim for rents, if admitted, is one of strict right, not calculated to awaken, if such a thing were allowable, much sympathy in the court. The bill, in this feature of it, is considered by the court as liable to the charge of multifariousness, and for this cause, as to that part of it, is dismissed.
Decree for partition only.